_____

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DIVISION, DISTRICT OF UTAH

_____

| | | |
|---|---|---|
| **WAYNE W. XIA**, | : | |
| Plaintiff, | : | Civil No. 2:10-cv-00025 |
| vs. | : | **RULING & ORDER** |
| **KENNETH L. SALAZAR, SECRETARY OF THE DEPARTMENT OF THE INTERIOR,** | : | **MAGISTRATE JUDGE BROOKE C. WELLS** |
| Defendant. | | |

_____

Oral argument was heard on defendant Kenneth L. Salazar's motion for summary judgment on January 11, 2012.[1] Attorneys Amy Oliver and Christopher Morely appeared on behalf of the defendant, and attorneys Andrew Hale and Nan Bassett appeared on behalf of plaintiff. At the conclusion of the hearing, the court took the matter under advisement. Now, having considered the parties' arguments along with relevant authorities, the court rules as stated herein.

_____

[1]Document Number 34.

## I. Undisputed Facts

Plaintiff Wayne Xia currently serves as a Supervisor and Civil Engineer in the Bureau of Reclamation's Upper Colorado Regional Office located in Salt Lake City, Utah, a GS-810-14 level position.[2] Plaintiff has been employed in that position for eleven years.[3]

### 2008 EEO Claim

In 2007, plaintiff applied for the position of Assistant Regional Director for the Upper Colorado Region.[4] Mr. Xia was not selected for that position and on April 17, 2008 he filed a formal EEO claim alleging discrimination on the basis of race.[5] On December 23, 2008, the Department of Interior dismissed plaintiff's EEO complaint as untimely.[6]

### Power Manager Position

In October 2008, Mr. Xia applied for the position of Power Manager for the Upper Colorado Region, a GS-340-35 level position.[7] The announcement for the Power Manager position did not require any educational degree, but did require one year of

---

[2] Document Number 2, "Complaint" at ¶¶ 2, 6; Document Number 24, "Memorandum In Support Of Defendant's Motion For Summary Judgment, pg. ii.

[3] Id.

[4] Document Number 24, "Memorandum In Support" pg. Iii; Document Number 24-2, "Deposition of Wayne Xia" at 16:17-25.

[5] Document Number 2, "Complaint" at ¶¶8-9; Document Number 24 "Memorandum In Support" pg. iii.

[6] Document Number 24-4, "Agency Dismissal" No. BOR-2008-0145.

[7] Document Number 2, "Complaint" at ¶ 13.

experience equivalent to the GS-14 level as well as specialized experience in four core competencies: project and program management, leadership, technical knowledge (engineering), and technical knowledge (power operations).[8]  Mr. Xia and Mr. Max Spiker were the only two applicants for the Power Manager position.[9]  On February 9, 2009, Mr. Spiker was formally selected for the position of Power Manager.[10]

Plaintiff's Retaliation Claim

On April 13, 2009, Mr. Xia's formal administrative complaint claiming failure to hire for the Power Manager position based on discrimination, was received by the Department of the Interior.[11]  On October 19, 2009, the Agency issued its final decision concluding that Mr. Xia had not been retaliated against.[12]  Thereafter, on January 12, 2010, Mr. Xia filed his currently pending action in the United States District Court for the District of Utah.[13]  Plaintiff's complaint alleges a single cause of action for "Reprisal" stating that due to Mr. Xia's pursuits in the 2008 EEO action, "Agency and Regional management took retaliatory action against him in the form of his non-selection for the Power Manager position."[14]

---

[8] Document Number 24-6, "Power Manager Vacancy Announcement" 000103.

[9] Document Number 2. "Complaint" at ¶ 14.

[10] Document Number 24, "Memorandum In Support" pg. x; Document Number 24-17, "Notification of Personnel Action".

[11] Document Number 24-18, "Department of the Interior Complaint of Discrimination".

[12] Document Number 24-19, "Final Agency Decision" October 19, 2009.

[13] Document Number 2.

[14] Document Number 2, ¶ 21.

## II. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[15] In applying this standard, the court must construe all facts and reasonable inferences therefrom in the light most favorable to the moving party.[16] In considering whether genuine issues of material fact exist, the court does not weigh the evidence but instead whether a reasonable jury, faced with the evidence presented, could return a verdict for the nonmoving party.[17]

## III. Title VII Cases

Title VII protects employees from discriminatory treatment as well as retaliation by employers based upon an employee's assertion of his right to be free from discrimination. The relevant provision of Title VII states:

> It shall be unlawful employment practice for an employer to discriminate against any of his employees. . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.[18]

---

[15] Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986).

[16] See, Wright v. Southwestern Bell Tel. Co., 925 F.2d 1288, 1292 (10th Cir. 1991).

[17] See, Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 249 (1986).

[18] 42 U.S.C. § 2000e-3(a)

In Title VII cases, it is plaintiff's burden to prove a prima facie case of retaliation by a preponderance of the evidence.[19]  Establishment of a prima facie case "creates a presumption that the employer unlawfully discriminated against the employee."[20]  That presumption then places upon defendant the burden of rebutting the prima facie case by producing evidence that the adverse employment actions were taken "for a legitimate, nondiscriminatory reason."[21]  Once defendant meets that burden, the burden shifts back to the plaintiff who must show that defendant's proffered reasons were a pretext for discrimination.[22]

### IV.  Prima Facie Case

In order to establish a prima facie case of retaliation under Title VII, Mr. Xia must show: "(1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action."[23]  The parties do not dispute that Mr. Xia satisfies the first and second elements of his prima facie case by virtue of his 2008 EEOC claim and his non-selection

---

[19]See, McDonnell Dougals Corp v. Green 411 U.S. 792, 802 (1973).

[20]St. Mary's Honor Ctr. V. Hicks, 509 U.S. 502, 506 (1993).

[21]St Mary's Honor, at 507 (citing Texas Dept, of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981)).

[22]St. Mary's Honor, at 507.

[23]Somoza v. Univ. of Denver, 513 F.3d 1206, 1212 (10th Cir. 2008)(citing, Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1202 (10th Cir. 2006)).  See also, Wells v Colorado Dept, of Transp., 325 F.3d 1205, 1212 (10th Cir. 2003).

for the position of Power Manager.[24] Defendant argues, however, that plaintiff has failed to establish the third element— a causal connection between Mr. Xia's protected opposition to discrimination and his employer's adverse action.[25]

A causal connection may be established where "the plaintiff presents evidence of circumstances that justify an inference or retaliatory motive, such as protected conduct closely followed by adverse action."[26] However, in order to support a causal connection, the adverse action must be "very closely connected in time to the protected activity".[27] Here, Mr. Xia alleges a causal connection based upon the temporal proximity between his 2008 EEO claim and his non-selection for the Power Manager position.[28]

Temporal Proximity

Defendant contends that Mr. Xia has not established a causal connection because his non-selection for the Power Manager position occurred on February 9, 2009, nearly ten months after plaintiff filed his 2008 EEO claim on April 17, 2008.[29] Defendant asserts that such a significant gap between the relevant events does not support a causal connection.[30]

Mr. Xia, on the other hand, argues that the Bureau "misapprehends" the relevant

---

[24] Document Number 24; "Memorandum In Support" pg. 2.

[25] Document Number 23; "Memorandum In Support" pg. 3.

[26] Williams v. WD.Sport, NM, Inc., 497 F.3d 1079, 1091 (10th Cir. 2007).

[27] Anderson v. Coors Brewing Co., 181 F.3d 1171, 1179 (10th Cir. 1999).

[28] Document Number 2, ¶ 22.

[29] Document Number 24; "Memorandum In Support" pg. 3.

[30] Document Number 24, "Memorandum In Support" pg. 3.

dates for purposes of establishing temporal proximity.[31] According to Mr. Xia, the relevant date is not April 2008, (the date that he filed his EEO complaint), but December 23, 2008, the date when the investigation into his claim was actually completed. Under Mr. Xia's interpretation, the filing of the complaint itself is not relevant since it merely "triggered an investigative process" which lasted several months.[32] Based on Mr. Xia's analysis there were only a few weeks between the December 2008 conclusion of the investigation and Mr. Xia's January 8, 2008, interview for the Power Manager position.[33] Plaintiff contends that such a short time frame between those two events clearly establishes a causal connection sufficient to make a prima facie case of retaliation. In the alternative, Mr. Xia asks the court to embrace the "unique circumstances" exception under which causation may be still inferred despite a lengthier gap of time between the protected activity and retaliatory conduct.'[34]

    Upon consideration, the court concludes that Mr. Xia has failed to establish any causal connection between his 2008 EEO charge and his non-selection for the Power Manager position. The relevant dates for purposes of determining temporal proximity are the April 17, 2008, date when Mr. Xia filed his formal EEO claim, and the February 9, 2009, date on which Mr. Xia was not selected for the power manager position. Case law

---

[31] Document Number 27; "Memorandum In Opposition" pg 21.

[32] Document Number 27, "Memorandum In Opposition" pg. 23.

[33] Defendant takes issue with this date arguing that no employment action, adverse or otherwise, occurred on January 9, 2009. Instead, it was 31 days later on February 9, 2009 when plaintiff was not selected for the power manager position.

[34] See, Wells v. Colo. Dep't of Transp. 324 F.3d 1205, 1216 (10th Cir. 2003).

clearly establishes that the relevant dates for protected activity are "when the employer first found out that Plaintiff had filed a [ ] charge, *not during the pendency or final disposition of the charge*."[35] Utilizing those dates, the approximately ten month time gap between the filing of the claim and the non-selection for power manager are insufficient to establish a causal connection.[36]

Additionally, the Court does not find the "unique circumstances" exception applicable. In Wells v. Colo DOT, the plaintiff went on medical leave two days after filing her EEO complaint.[37] Immediately upon plaintiff's return from medical leave, she was transferred to another location and reassigned her duty.[38] While the Wells court noted that a five month gap between the protected activity and adverse action would ordinarily be too long for temporal proximity, it concluded that the "unique circumstances" of plaintiff's immediate reassignment upon return from medical leave were sufficient to establish a causal connection.[39] In Mr. Xia's case there are not any

---

[35] Wojcicki v. Aiken Tech. College, 2011 U.S. Dist. LEXIS 113810 *20 (D.S.C. Sept. 30, 2011)(Emphasis added). Of note, plaintiff does not cite to any case law to support his argument that the conclusion of the investigation, as opposed to the filing of the charge, is the important date for temporal proximity.

[36] *See,* Ramirez v. Oklahoma Dept. of Mental Health, 41 F.3d 584, 596 (10th Cir. 1991)(one and one-half month period between protected activity and adverse action may, by itself establish causation)); Richmond v. ONEOK, Inc., 120 F.3d 205, 209 (10th Cir. 1997)(three month period, standing alone, is insufficient to establish causation)); Haynes v. Level 3 Commc'ns LLC, 456 F.3d 1215, 1228 (10th Cir. 2006)(finding, seven months too long to infer retaliation).

[37] Wells v. Colo. DOT, 325 F.3d 1205, 1211 (10th Cir. 2003)

[38] Id.

[39] Id. at 1217.

factors similar to the plaintiff's situation in Wells, nor are there any other unique circumstances which would support application of the exception.

For these reasons, this Court concludes that Mr. Xia has failed to establish the necessary causal connection between his 2008 EEO charge and his non-selection for the Power Manager position.  Consequently, plaintiff has failed to carry his burden and established the third requirement of a prima facie case of retaliation.

### V. Order

For the reasons set forth, Defendant Kenneth Salazar's Motion For Summary Judgment is hereby GRANTED.

DATED this  30th  day of January, 2012.

BY THE COURT:

_____

Brooke C. Wells
United States Magistrate Judge