IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WAYNE W. XIA,<br><br>      **Plaintiff,**<br><br>v.<br><br>SALLY JEWELL, Secretary of<br>the Department of the Interior,<br><br>      **Defendant.** | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:10cv25<br><br><br><br>Magistrate Judge Paul M. Warner |

All parties in this case have consented to having United States Magistrate Judge Paul M. Warner conduct all proceedings in this matter, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is a motion for summary judgment[2] filed by the Secretary of the Department of the Interior, Sally Jewell[3] ("Secretary"). On October 24, 2013, the court held a

---

   [1] *See* docket no. 13. This matter was originally assigned to Magistrate Judge Brooke Wells, and the parties consented to proceed before a magistrate judge. Wayne W. Xia appealed Judge Wells's grant of summary judgment. The Tenth Circuit Court of Appeals reversed in part and remanded the case. *See* docket no. 43. Judge Wells recused from the case, and it was reassigned to Magistrate Judge Warner. *See* docket no. 44.

   [2] *See* docket no. 23.

   [3] When this lawsuit and motion were filed, the Secretary of the Interior was Kenneth L. Salazar. The court recognizes that he has since been replaced by Sally Jewell and has changed the caption accordingly.

hearing on the motion. At the hearing, the Secretary was represented by Amy Oliver and Wayne W. Xia ("Mr. Xia") was represented by Andrew Hale. Before the hearing, the court carefully considered the motion, memoranda, and other materials submitted by the parties. After considering the arguments of counsel, taking the motion under advisement, and reviewing the supplemental briefing ordered at the hearing regarding the applicability of the case of *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013), the court renders the following memorandum decision and order.

## I. BACKGROUND

Mr. Xia has been employed as a supervisor and civil engineer in the Bureau of Reclamation's ("Bureau") Upper Colorado Regional Office in Salt Lake City, Utah, for 11 years. In 2007, he applied to be the Assistant Regional Director for the Upper Colorado Region but was not selected. In April 2008, he filed an Equal Employment Opportunity Commission ("EEOC") claim alleging discrimination on the basis of race ("2008 Claim"). Mr. Xia named the following individuals in the 2008 Claim: Bill McDonald, Regional Director of the Pacific Northwest Region; Rick Gold, former Regional Director of the Upper Colorado Region; and Larry Walkoviak, Regional Director of the Upper Colorado Region. The Department of Interior ("Department") dismissed the 2008 Claim as untimely on December 23, 2008.

In October 2008, Mr. Xia and one other person, Max Spiker, applied for the position of Power Manager for the Upper Colorado Region. Brent Rhees, an Assistant Regional Director, led the interview panel on January 8, 2009. Michael Ferguson and David Murillo, power managers from neighboring regions, participated in the interviews via telephone. While Mr.

Rhees was aware of Mr. Xia's 2008 Claim, neither Mr. Ferguson or Mr. Murillo was aware of that claim. Mr. Rhees had worked directly with and/or for the three named individuals in Mr. Xia's 2008 Claim: Mr. McDonald, Mr. Gold (as well as Mr. Gold's wife), and Mr. Walkoviak.

The announcement for the Power Manager position did not require any educational degree, but it did require one year of experience equivalent to the GS-14 level as well as specialized experience in the following four core competencies: Project and Program Management, Leadership, Technical Knowledge (Engineering), and Technical Knowledge (Power Operations). Mr. Xia had experience managing geotechnical projects with a public entity in New York and with the Salinity Control program with the Bureau. Mr. Xia also has a master's degree in civil engineering, a bachelor's degree in engineering geology, as well as an engineering license. Mr. Spiker had experience managing both generating and hydropower projects with the Bureau. While Mr. Spiker does not possess an engineering degree, he understands electrical and mechanical engineering concepts through his many years of practical experience with the power operations of the Bureau.

All three interview panelists agreed that Mr. Spiker had a stronger background in one of the core competencies: Power Operations. But both Mr. Murillo and Mr. Ferguson felt that Mr. Xia was better qualified in the Leadership competency area while Mr. Rhees believed Mr. Spiker was better qualified in that area. After the interviews, the panel concluded that both applicants were qualified for the position. On February 9, 2009, Mr. Rhees selected Mr. Spiker for the position because of his extensive power operations experience and his experience as Deputy Power Manager.

Mr. Xia filed an administrative complaint claiming that Mr. Rhees failed to hire him for the Power Manager position in retaliation for the 2008 Claim. On October 19, 2009, the Department issued its final decision concluding that Mr. Xia had not suffered retaliation, and Mr. Xia then filed the instant action against the Secretary. The Secretary filed a motion for summary judgment. In a memorandum decision and order dated January 31, 2012, Judge Wells granted summary judgment in favor of the Secretary holding that Mr. Xia failed to establish the causal connection necessary for his prima facie case of retaliation. Specifically, Mr. Xia did not establish the requisite temporal proximity between the filing of his 2008 Claim in April of that year and his non-selection for the power manager position in February 2009. Mr. Xia appealed that decision to the Tenth Circuit.

The Tenth Circuit agreed that Mr. Xia could not demonstrate a retaliatory motive based on temporal proximity alone. However, it reversed and remanded on the grounds that the district court did not consider the following pretext evidence in its causation analysis: (1) Mr. Xia's qualifications in relation to Mr. Spiker; (2) Mr. Rhees's knowledge of Mr. Xia's 2008 Claim; (3) Mr. Rhees's working relationship with Mr. McDonald, Mr. Gold, and Mr. Walkoviak who were all named in Mr. Xia's 2008 Claim; and (4) Mr. Rhees's knowledge that Mr. Spiker (a) was not planning on staying in Salt Lake City, (b) maintained a home in Colorado, and (c) planned to move back to Colorado. However, the court "expressed no view on the admissibility, weight, or credibility of Mr. Xia's 'other evidence'" in support of his prima facie claim.[4]

---

[4] Docket no. 43 at 8.

## II. DISCUSSION

Summary judgment is appropriate if the pleadings, affidavits, and other evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the movant demonstrates an absence of a genuine issue of material fact, the nonmovant cannot simply rest upon his or her pleadings, "but must set forth specific facts showing that there is a genuine issue for trial." *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1062 (10th Cir. 2002) (quotations and citation omitted).

Because Mr. Xia seeks to prove his retaliation claim through indirect evidence, the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies. Mr. Xia therefore must first establish that a prima facie case of retaliation. To demonstrate a prima facie case of retaliation, Mr. Xia must show "(1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Pinkerton v. Colo. Dep't of Transp.*, 563 F.3d 1052, 1064 (10th Cir. 2009). If Mr. Xia establishes a prima facie case, the burden shifts to the Secretary to provide a legitimate, nondiscriminatory reason for failing to promote Mr. Xia. *See id.* If the Secretary can articulate a legitimate reason for not selecting Mr. Xia, then the burden shifts back to Mr. Xia to show that the asserted reason for failing to promote him is merely a pretext for retaliation. *See id.*

As noted by the Tenth Circuit, Mr. Xia satisfied the first two factors of the prima facie case. However, the parties dispute whether Mr. Xia has, through other evidence, demonstrated a causal connection between his 2008 Claim and his non-selection for the power manager position.

The Supreme Court's recent decision in *University of Texas Southwest Medical Center v. Nassar*, 133 S.Ct. 2517 (2013), altered a plaintiff's burden in a Title VII retaliation action. In *Nassar*, the Supreme Court held that the standard for causation under a Title VII retaliation case is the "but-for" standard of traditional tort law, not the "motivating factor" standard used in Title VII discrimination claims. *Id.* at 2533. "This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Id.* "In order to make a prima facie case, one must only introduce evidence from which an inference can be drawn that an employer would not have taken the adverse action had the employee not filed prior discrimination charges." *Ward v. Jewell*, No. 2:10cv87, 2014 WL 119413, at *3 (D. Utah, Jan. 13, 2014).

For purposes of the instant motion and viewing the evidence in a light most favorable to Mr. Xia, the court concludes that Mr. Xia has set forth sufficient evidence that he would have been promoted to the power manager position but for his 2008 Claim. The pretextual evidence raises an inferential link between his 2008 Claim and his non-selection for the power manager position. Specifically, while the three interviewers thought Mr. Spiker was the better candidate in relation to Power Operations, Mr. Xia was arguably more qualified for the position considering the equal weight given to the four core competencies. Mr. Ferguson and Mr. Murillo agreed that Mr. Xia had was better qualified in the Leadership area, while Mr. Rhees believed that Mr. Spiker was. Given Mr. Rhees's knowledge of Mr. Xia's 2008 Claim and his working relationship with those named in it, Mr. Xia has presented the requisite causal connection. Likewise, Mr. Rhees's knowledge that Mr. Spiker was not planning on staying in Salt Lake City,

that he maintained a home in Colorado, and that he planned to move back to Colorado, raises an inference that but for the 2008 Claim, Mr. Xia would have been promoted.  Accordingly, Mr. Xia has established a prima facie case of retaliation.

The burden now shifts to the Secretary.  When the burden shifts to the employer, it must "rebut the presumption of discrimination by producing evidence that the employee was rejected, or someone else was preferred, for a legitimate, non[-retaliatory] reason." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981).  The Secretary has met this burden by stating that Mr. Rhees believed Mr. Spiker to be the better candidate for the position because of his extensive power operations experience and his experience as Deputy Power Manager.  The burden shifts back to Mr. Xia to demonstrate that the proffered reason for hiring Mr. Spiker was pretext for retaliation.

A proffered reason is not considered pretextual "unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993).  Thus, Mr. Xia must demonstrate that the purported reasons for hiring Mr. Spiker over Mr. Xia were "so incoherent, weak, inconsistent, or contradictory that a rational factfinder could conclude the reasons were unworthy of belief." *Young v. Dillon Cos., Inc.*, 468 F.3d 1243, 1250 (10th Cir.2006)).  Because Mr. Xia has provided some evidence of pretext, and viewing the facts in a light most favorable to him, a reasonable jury could conclude that the "but for" reason he did not receive the promotion was in retaliation for his 2008 Claim.  At the very least, and for purposes of this motion, there are material facts in dispute precluding summary judgment regarding the relative qualifications of Mr. Xia and Mr. Spiker, the impact of Mr.

Rhees's knowledge of the 2008 Claim and his working relationships with those named in it, and Mr. Rhees's understanding that Mr. Spiker intended to return to Colorado.

### III.  CONCLUSION

Based on the foregoing, this court **DENIES** the Secretary's motion for summary judgment.

**IT IS SO ORDERED.**

DATED this 31st day of March, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge