# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| WAYNE W. XIA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SALLY JEWELL, Secretary of the Department of the Interior,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS<br><br><br>Case No. 2:10-cv-0025-PMW<br><br>Magistrate Judge Paul M. Warner |

Before the court are Wayne W. Xia's ("Plaintiff") objections to Sally Jewell's ("Defendant") proposed supplemental jury instructions regarding (1) the reasonableness of Defendant's decision to select Max Spiker for the position of Power Manager and (2) the potential award of damages. The court will address each proposed instruction and objection in turn.

**(1)　Reasonableness of Defendant's Decision**

Defendant proposes the following supplemental jury instruction:

> In deciding Mr. Xia's claim of retaliation, you should not concern yourselves with whether Mr. Rhees's decision was wise, reasonable, or fair. It is not your function to second-guess Mr. Rhees's decision or act as a personnel manager. Rather, your concern is only whether Mr. Xia has proven that Mr. Rhees did not select Mr. Xia for the position of Power Manager because Mr. Xia filed a prior complaint of discrimination.[1]

---

[1] *See* docket no. 74 at 2.

Plaintiff objects to this proposed instruction on the grounds that the Tenth Circuit has repeatedly held that this is language that courts consider at the summary judgment stage of a case. Plaintiff further argues that in *Barrett v. Salt Lake County*, the Tenth Circuit stated that the *McDonnell Douglas* burden-shifting framework has "no role in assessing post-trial [judgment as a matter of law] motions." 754 F.3d 864, 867 (10th Cir. 2014). Plaintiff states that the *Barrett* court instructs that after trial, the relevant question is whether the plaintiff has "presented enough evidence to warrant a jury finding that the adverse employment action taken against him was taken in retaliation for his protected civil rights activity." *Id.* Plaintiff explains that the *Barrett* court held that "[a]t trial the jury need not be instructed under its terms. . . . [and] as things have evolved *McDonnell Douglas* has come to apply predominantly at summary judgment . . . to cases relying on indirect proof of discrimination." *Id.*

In response, Defendant contends that this instruction must be given otherwise the jury could find in favor of Plaintiff on the grounds that, given the relative qualifications of the candidates, they would have selected Mr. Xia rather than Mr. Spiker for the Power Manager position. Defendant also asserts that there is no Tenth Circuit case specifically ruling that a reasonableness jury instruction is inappropriate.

The court concludes that Defendant's proposed instruction is superfluous and may be confusing to the jury. Because the parties have stipulated to a retaliation and a pretext instruction that adequately explain Mr. Xia's already heavy burden, the court **SUSTAINS** Plaintiff's objection.

2

**(2) Damages**

Defendant proposes the following supplemental jury instruction:

> If you find that Plaintiff has proved his claim of retaliation against Defendant, then the Court will determine what amount of damages, if any, Plaintiff is entitled to recover.
>
> If you find that Plaintiff has failed to prove his claim, then the Court will not consider the question of damages.

Plaintiff objects to Defendant's proposed supplemental instruction because, if necessary, the court will consider any potential economic damages, making a damage instruction unnecessary. Plaintiff also asserts that the court should assume that the jury will not consider damages because they will presumably follow the instructions given to them. Finally, Plaintiff contends that a damage instruction will confuse the jury and unwittingly prompt them to improperly consider the consequences of their verdict.

In response, Defendant argues that failing to instruct the jury on damages leaves them to wonder whether or not they are to award any damages and risks the jury wasting time and making an improper award of damages. Moreover, Defendant asserts that the jury should be aware of the significance of their verdict.

The court agrees with Defendant. Without a damages instruction of some kind, the jury will wonder why they have not been instructed on damages and/or if they should be considering an award of damages (assuming they find in Plaintiff's favor). Accordingly, the court **OVERRULES** Plaintiff's objection.

In summary, the court will not give to the jury Defendant's proposed reasonableness

instruction, but it will instruct the jury on damages, as requested by Defendant. That said, the court will entertain additional objections regarding the jury instructions at the jury instruction conference.

DATED this 8th day of September, 2014.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge